George D. LIEBKE, No. Reading, Massachusetts, Plaintiff,

v.

Harold BROWN, Secretary of the Air Force, Washington, D. C., Robert F. Long, Colonel, Commander Air Force, Cambridge Research Laboratory, Bedford Massachusetts, John W. Macy, Jr., Chairman, Civil Service Commissioners, Washington, D. C., Defendants.

Civ. A. No. 68–481–F.

United States District Court,
D. Massachusetts.

May 12, 1970.

Alfred L. Morin, Needham, Mass., for plaintiff.

Herbert F. Travers, U. S. Atty., for defendants.

## OPINION

FRANCIS J. W. FORD, District Judge.

Plaintiff brings this action under 28 U.S.C. § 1346 seeking restoration to his position as an employee of the United States Air Force. Plaintiff had been a civilian employee of the Air Force since 1950 and in late 1965 was employed as a Program Liaison Officer at the Air Force Research Laboratories at Hanscom Field.

On December 16, 1965 plaintiff entered a guilty plea in a state court on morals charges. On the following day he was suspended from his employment by the Air Force. Later in December one Brady, a representative of Liebke's superior in the Air Force, urged Liebke to resign his position in order to avoid a scandal. Brady also persuaded Liebke's brother to give him similar advice. As a result on January 3, 1966 plaintiff wrote a letter to Colonel Long, commander of the Research Laboratories, offering his resignation to be effective on May 1, 1966. On January 27, 1966 Colonel Long gave Liebke formal notice of proposed action to remove him from his position. On February 8, 1966 Colonel Long notified Liebke that the notice of proposed removal had been cancelled and his resignation had been accepted.

Liebke contends that Brady and Long had both indicated that if he resigned he would be given a clean record. However, the Notification of Personnel Action issued to effectuate his separation from the Air Force service carried a notation that his resignation had been accepted while consideration was being given to initiation of removal action because of charges of disorderly conduct.

On April 29, 1966 Liebke wrote to Long stating: "I hereby withdraw my purported resignation." On May 2 Colonel Long wrote to Liebke refusing to accept withdrawal of the resignation. A grievance filed by Liebke on May 13, 1966 was rejected by the Personnel Officer on May 26, 1966, and a further grievance filed June 7, 1966 was rejected on June 9, 1966. Subsequent proceedings by plaintiff to obtain relief from the Civil Service Commission were ultimately terminated by a decision of the Board of Appeals and Review that the appeal to the Civil Service Commission had been filed too late.

Since some time in November, 1965 plaintiff had been under treatment by Dr. Leo Alexander, a psychiatrist. On December 20, 1965 Dr. Alexander wrote to Allen Gerlach, Deputy for Technical Plans and Operations, and Liebke's superior, informing him of these facts and asking for information which might help in his treatment. On February 4, 1966 Dr. Alexander wrote to Colonel Long. This letter was received on February 7, the day before Colonel Long accepted Liebke's resignation. The letter informed Colonel Long of the fact that Liebke was under treatment and gave Dr. Alexander's diagnosis as: "Depressive reaction, neurotic, with symptomatic psychosexual disturbance." In his January 3 letter of resignation and in another letter sent February 1, 1966 Liebke informed Colonel Long that he was under psychiatric treatment.

It is plaintiff's contention that his purported resignation was obtained by coercive and deceptive action of the Air Force and was accepted in violation of the prescribed procedures governing such acceptance and hence was void.

There is substantial evidence in the record to support the contention that plaintiff's resignation was induced by undue pressure from the representatives of the Air Force while he was in a mentally upset condition and that his decision may have been influenced by promises that no derogatory remarks referring to the pending charges would be placed in his records. Since his efforts to obtain administrative redress have been defeated on procedural grounds, there has been no administrative determination of his contention that his resignation was in fact involuntary. It is unnecessary for this court to decide whether it should make that determination or remand the case for administrative determination of the issue, since there is another ground on which the resignation must be held ineffective.

The government recognizes that a resignation is not valid where the employee because of his mental condition could not make a free and intelligent decision to resign. To implement this and preclude the possibility of separation of employees through such invalid resignations, Federal Personnel Manual Supplement 752–1 at page 26 provides:

"(6) As stated earlier, the general principle is that an action is voluntary if the employee understands the transaction, is free to choose, is given a reasonable time to make his choice, and is permitted to set the effective date. Under this principle, the resignation of an employee whose mental condition precluded him from exercising free will, or from understanding the transaction, would be an involuntary resignation and thus void. When there is substantial medical and other evidence that an employee is *non compos mentis,* therefore, the agency should not encourage the employee's resignation; instead, if the agency desires to separate the employee, it should initiate action to separate him by disability retirement or, in the alternative, by adverse action procedures."

In this case, at the time when Colonel Long accepted the resignation, there was substantial evidence which had been brought to his attention that Liebke was under the care of a psychiatrist, suffering from a state of mental depression which would cast substantial doubt on his capacity to make the free choice necessary to a voluntary resigna-

tion. In this situation, the regulations provide that the resignation is not to be accepted but that other procedures are to be used if it is desired to separate the employee from his position. The government having chosen to prescribe such a procedure, it becomes binding on the government and actions taken in violation of it are void. Vitarelli v. Seaton, 359 U.S. 535, 79 S.Ct. 968, 3 L.Ed.2d 1012.

 Government contends, however, that plaintiff is barred from relief because of failure to take timely appeal. Air Force Regulation 40–771, Civilian Personnel Appeal and Grievance Procedures provides in paragraph 29:

> *"Time Limits for Appeal Hearings:*
>
> a. *For Employees.* An employee may appeal any time after receipt of the notice of adverse decision, but not later than 10 calendar days after the effective date on the adverse action. In unusual circumstances and when conditions warrant, time limits may be waived. Failure to notify an employee of his appeal rights will act to waive time limits."

Paragraph 1a. defines adverse action to include a resignation allegedly secured by duress, intimidation or deception. Hence an appeal either from the acceptance of plaintiff's resignation or from the refusal to allow him to withdraw his resignation would be governed by the time limits of Paragraph 29. However, there is nothing in the record to show that plaintiff was ever notified of his right to appeal as to either of these actions. Consequently by the terms of paragraph 29a. the time limit must be deemed to have been waived.

The court finds that plaintiff's purported resignation was void and ineffective to bring about his separation from the services, and that he is entitled to be reinstated to his position with the Air Force as of the effective date of his unlawful removal, together with all the rights, benefits and privileges that would have accrued from a continuity of service from the date of such unlawful removal to the present. The court will retain jurisdiction over the case so that further orders may be issued to enforce plaintiff's rights in case the defendants do not in due time on their own initiative effectuate restoration of plaintiff to his rights. The court expresses no opinion as to the rights which defendants may have after reinstatement to institute charges against Liebke or to separate him by retirement. Paroczay v. Hodges, D.C., 219 F.Supp. 89.

Judgment will be entered for plaintiff in accordance herewith.